UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD WHITE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL W. CARROLL,<br><br>　　　　Respondent. | Civil Action<br>No. 22-1634 (CPO)<br><br>OPINION |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fairton, in Fairton, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

## I.　　BACKGROUND[1]

This Court gleans from the limited factual allegations that Petitioner challenges a restitution order from the United States District Court for the District of Maryland. (ECF No. 1-2, at 5–8.) It appears that, among other things, the District of Maryland sentenced Petitioner to pay $1,466,655.13 in restitution. (ECF No. 1-1, at 5.)

In March of 2022, Petitioner filed the instant Petition. In his Petition, Petitioner seeks to challenge the validity of his restitution order, arguing that because the order does not set a clear payment schedule, it is void under the Mandatory Victims Restitution Act ("MVRA"). (*Id.* at 1-3, 7; ECF No. 1-2.) Although Plaintiff suggests that the Bureau of Prisons' ("BOP") repayment

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

scheme is improper, he argues that the repayment schedule is improper *because* it relies upon an invalid restitution order. (ECF No. 1-2, at 7–8.)  Petitioner raised these claims through the administrative remedy process, and Petitioner received a denial at each level. (ECF No. 1, at 2–4.)

## II.   STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.   DISCUSSION

In this matter, Petitioner seeks to challenge his restitution order from the District of Maryland.  Specifically, Petitioner contends that because the sentencing judge did not set a clear restitution schedule, that order fails to comply with the MVRA and is therefore invalid.  (ECF No. 1-2, at 3–6.)  Plaintiff further contends that because his restitution order is invalid, the BOP should not be able to collect payments from him to meet his restitution obligations.  (*Id*. at 6–8.)

Petitioner, however, filed this case under 28 U.S.C. § 2241.  "While a federal prisoner can use a § 2241 petition to challenge the execution of his sentence, a § 2241 petition cannot be used to challenge the imposition of the restitution portion of his sentence."  *Viola v. Waden McKean FCI*, 753 F. App'x 122, 123 (3d Cir. 2019).  Thus, while a federal prisoner may attempt to use a § 2241 petition to challenge the way in which the BOP carries out a restitution order, *i.e.*, a change in the rate or number of payments in his restitution schedule, he may not challenge the validity of

2

the restitution order itself directly or indirectly.  *Id.*; *Trader v. United States*, 281 F. App'x 87, 88 (3d Cir. 2008) ("[R]elief is not available . . . [under] both 28 U.S.C. § 2255 and 28 U.S.C. § 2241, if the petition solely attacks the imposition of a monetary fine or an order of restitution."); *Molina v. United States*, No. 20-911, 2021 WL 229614, at *2 n.3 (M.D. Pa. Jan. 22, 2021).

Here, Petitioner seeks to directly challenge the restitution order by arguing that it was invalid from the start for failure to comply with the MVRA and to indirectly challenge it by arguing that the BOP cannot enforce the order *because* it is invalid. (ECF No. 1-2, at 3–8.)  As a result, both claims do not challenge the execution of his restitution order, but rather, its initial validity. Petitioner cannot challenge the validity of a restitution order under § 2241. *Viola*, 753 F. App'x at 123; *Trader*, 281 F. App'x at 88 (finding that the district court lacked jurisdiction under § 2241 because "Trader did not challenge the execution of his sentence . . . [but] essentially alleged that the sentencing court failed to follow the strictures of the MVRA"); *Thomas v. Baltazar*, No. 17-00121, 2017 WL 2957880, at *2 (M.D. Pa. July 11, 2017) (same).

Instead, Petitioner should have raised such claims on direct appeal or before his sentencing court through a post-judgment motion. *See, e.g.*, *Balter v. Martinez*, 477 F. App'x 873, 875 (3d Cir. 2012) (rejecting a petitioner's challenge to "the District Court's failure to set a restitution schedule . . . because the proper time for challenging a restitution order is on direct appeal"); *Easton v. Williamson*, 267 F. App'x 116, 117 (3d Cir. 2008) ("Easton's claim does not fall within the purview of § 2241, because he does not challenge the execution of his sentence, but rather, he challenges the failure of the sentencing court to follow the strictures of the MVRA."). Accordingly, this Court lacks jurisdiction over Petitioner's claims under § 2241, and the Court will dismiss the Petition.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order follows.

DATED:  July 20, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**